IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS RAYMOND WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE #:  2:08-CV-242-MEF |
| | ) | (WO) |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's April 3, 2008 order, hereby respectfully submit this Answer to the petition for writ of habeas corpus filed by Carlos Raymond Williams.

The Respondents deny that Williams is entitled to any relief under the federal writ of habeas corpus.

## I. PROCEDURAL BACKGROUND

## A. TRIAL COURT PROCEEDINGS

Williams's unlawful possession of controlled substance conviction – Montgomery County Circuit Court (CC-06-141)

1.  Williams's petition stems from his May 19, 2006 jury trial  and conviction on the charge of  unlawful possession of a controlled substance, a violation of Ala. Code § 13A-12-212 (a) (1), in the Montgomery County Circuit Court with the Honorable Charles Price, presiding.  On the same day, Williams was sentenced to serve a term of fifteen years' imprisonment.  Williams's current incarceration is the result of that conviction and sentence.

## B.  DIRECT APPEAL PROCEEDINGS

2. Williams filed a direct appeal of his conviction and sentence with the Alabama Court of Criminal Appeals stating as grounds that: the trial court erred in denying his motion for judgment of acquittal and in admitting into evidence the State's certificate of analysis.   The Court affirmed his conviction and sentence in an unpublished memorandum, with one dissenting opinion.  Williams v. State, CR-05-1585 (Ala. Crim. App. Mar. 23, 2007). (mem. op.) Exhibit 1.

3.  Williams filed an application for rehearing and brief in support which was overruled on June 15, 2007.  Exhibit 2 .  On August 7, 2007, the Alabama Supreme Court granted his petition for writ of certiorari.  Exhibit  3 .  Upon certiorari review, the Alabama Supreme Court affirmed the lower court, finding that "the admission of the evidence, although improper, was harmless".   Ex parte Williams, No. 1061378, (Ala.  Nov. 16, 2007). Exhibit 4.

4. The Alabama Court of Criminal Appeals issued a certificate of judgment affirming Williams's sentence and conviction; Williams v. State, CR-05-1585 (Ala. Crim. App. Nov. 16, 2007). Exhibit 5. On November 19, 2007, the Court recalled its certificate of judgment citing as grounds it was issued in error. Exhibit 6. On January 11, 2008, the Alabama Supreme Court issued an order overruling Williams's application for rehearing. Ex parte Williams, No. 1061378, (Ala. Jan. 11, 2008). Exhibit 7. That Court issued its certificate of judgment affirming its decision on certiorari review. Exhibit 8. On March 4, 2008, the Alabama Court of Criminal Appeals issued its certificate of judgment. Exhibit 9.

## C.  THE INSTANT PETITION FOR HABEAS CORPUS

5.  On or about April 1, 2008, Williams filed the instant petition for habeas corpus in this Court where he challenges his drug offense conviction.  In his petition, Williams argues the following as grounds for relief:

> GROUND ONE:  Improper admission of a forensic certificate of analysis given in lieu of expert testimony to prove the putative controlled substance was in fact a controlled substance.

> GROUND TWO:  Insufficient evidence to sustain conviction.

 Petition, pp.  5-6, 7.

6.  It appears that Williams's petition is timely filed within the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year limitation period under Title 28 U.S.C. §  2244 (d) (1).

## II. ARGUMENT

## WILLIAMS'S CLAIM THAT THE CERTIFICATE OF ANALYSIS WAS IMPROPERLY ADMITTED IN TRIAL IS A STATE ISSUE IN WHICH HE FAILS TO DEMONSTRATE THAT HE IS ENTITLED TO FEDERAL HABEAS RELIEF.[1]

---

[1] In Williams's second claim he alleges that "[d]ue to the fact the certificate of analysis introduced in lieu of expert testimony to prove the putative controlled substance was in fact a controlled substance was deficient and improperly admitted, there was no other evidence or testimony from which the State could prove the substance was in fact cocaine."  Petition, pp. 7.  As his second claim is contingent on a finding of  merit  in the first claim - that the certificate of analysis was improperly admitted -  Respondents' consolidated  argument will adequately address both issues.

7.  A review of the merits of Williams's challenge to the admissibility of the certificate of analysis shows that he has failed to demonstrate that he is entitled to federal habeas relief.  The state court determination of an issue will be sustained under § 2254 (d) (1) unless it is "contrary" to clearly established, controlling Supreme Court law or is an "unreasonable application" of law.  Williams has failed to demonstrate that the Court of Criminal Appeals' rejection of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court", or  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254 (d).

8. The Supreme Court law is clear, "We have stated many times that federal habeas corpus relief does not lie for errors of state law.' (citations omitted)" . Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L. Ed. 2d 385 (1991). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." . Carrizales v. Wainwright, 699 F.2d 1053, 1054 (11th Cir. 1983) Williams must demonstrate a constitutional infirmity resulting in fundamental unfairness. Estelle, 502 U.S. at 70 (citing Spencer v. Texas, 385 U.S. 554, 563-64, 87 S. Ct. 648, 653-54, 17 L.Ed. 2d 606 (1967)("Cases in this Court have long proceeded on the

premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial . . . .")).

9.  A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in" relevant caselaw.  Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000).   In the Alabama Supreme Court's published affirmance of  Williams's conviction and sentence, Ex parte Williams , No. 10613678 (Ala. Nov. 16, 2007) , the  court held:

> Our conclusion that the improper admission of the certificate of analysis is harmless error is bolstered by the fact that throughout the trial, Williams did not dispute that the substance found in his vehicle was cocaine.
>
> . . .
>
> Therefore, even though this Court does not agree with the unpublished memorandum of the Court of Criminal Appeals addressing the admission of the certificate of analysis into evidence, the judgment of the Court of Criminal Appeals is affirmed because the admission of the evidence, although improper, was harmless.

10. The Alabama Supreme Court did not apply a rule that contradicts federal law.  Further, the Alabama Supreme Court did not apply the law "in an objectively unreasonable" manner, and did not rule against clearly established precedent by "confront[ing] a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrive[d] at a result different from our precedent."  Id.

This standard is strict, and federal courts are required to give "greater deference to the determination made by state courts than they were required to under the previous law." Verser v. Nelson, 980 F. Supp. 280, 284 (N.D. Ill. 1997) (quoting Spreitzer v. Peters, 114 F. 3d 1435, 1441 (7th Cir. 1997)).

11. Williams has failed to allege that the Alabama Supreme Court's adjudication of his inadmissibility of the certificate of analysis claim on direct appeal resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. Williams does not argue that the state court's application of law was in any way inappropriate. Williams also does not point out any clearly established Supreme Court law that is contrary to the decision, nor does he demonstrate that the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Williams does not specify any facts that were "unreasonably determined", nor does he specify any evidence that was in any way misconstrued. Thus, Williams has failed to meet his burden of showing that the state court's decisions were an unreasonable application of the facts, or contrary to established Supreme Court law. Accordingly, Williams's petition has failed to demonstrate that he is entitled to federal habeas relief.

## CONCLUSION

Based upon the foregoing authorities and facts, Williams's petition for writ of federal habeas corpus should be dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


/s/Madeline Hinson Lewis
Madeline Hinson Lewis (HIN032)
Assistant Attorney General
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  mlewis@ago.state.al.us

## EXHIBITS

Exhibit 1:    Alabama Court of Criminal Appeal's March 23, 2007,  memorandum opinion; Williams v. State, CR -05-1585 (Ala. Crim. App. Mar. 23, 2007) (mem. op.)

Exhibit 2:    Alabama Court of Criminal Appeal's June 15, 2007  unpublished memorandum opinion  application for rehearing overruled;  Williams v. State, CR -05-1585 (Ala. Crim. App. Jun. 15,2 007) (mem. op.)

Exhibit 3:    Alabama Supreme Court's grant of Williams's petition for writ of certiorari,  Ex parte Williams, No. 1061378 (Ala. Aug. 7, 2007).

Exhibit 4:    Alabama Supreme Court's affirmance ,  Ex parte Williams, No. 1061378 (Ala. Nov. 16, 2007).

Exhibit 5:    Alabama Court of Criminal Appeal's November 16, 2007 Certificate of Judgment, Williams v. State, CR 05-1585.

Exhibit 6:    Alabama Court of Criminal  Appeal's November 19, 2007 Order recalling its; November 16, 2007 certificate of judgment.

Exhibit 7:   Alabama Supreme Court's  January 11, 2008   Order overruling application for rehearing.

Exhibit 8:   Alabama Supreme Court's  January 11, 2008   Certificate of Judgment, Ex parte Williams , No. 1061378, (Ala. Jan. 11, 2008)

Exhibit 9:    Alabama Court of Criminal Appeal's March 4, 2008 Certificate of Judgment, Williams v. State, CR 05-1585.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:  Honorable Robert Troy Teague, 906 South Perry St, Suite 201, Montgomery, AL 36104.

<div style="margin-left:40%">

/s/ Madeline Hinson Lewis
Madeline Hinson Lewis (HIN032)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  Mlewis@ago.state.al.us

</div>

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300

644951/120268-001

Rel\03\23\2007\Williams

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# ALABAMA COURT OF CRIMINAL APPEALS

### OCTOBER TERM, 2006-2007

---

### CR-05-1585

---

### Carlos Raymond Williams

### v.

### State

### Appeal from Montgomery Circuit Court
### (CC-06-141)

McMillan, Judge.

AFFIRMED BY UNPUBLISHED MEMORANDUM.

Shaw and Wise, JJ., concur. Baschab, P.J., concurs in the result. Welch, J., dissents, with opinion.


STATE'S
EXHIBIT

CR-05-1585

WELCH, Judge, dissenting.

I believe that the majority has exceeded the scope of its authority by going outside the _trial_ record to determine that the certificate of analysis prepared by the Alabama Department of Forensic Sciences ("DFS") that was admitted into evidence and seen by the jury was a properly signed and notarized document. Therefore, I must respectfully dissent.

Carlos Raymond Williams, the appellant, claims that the trial court erred in overruling his objection to the admission of Exhibit 2, the DFS certificate of analysis of the putative cocaine that served as the basis of Williams's prosecution. The putative cocaine was admitted into evidence as Exhibit 1.

The record shows that Williams objected to Exhibit 2 as follows:

> "Q. [BY THE PROSECUTOR, MR. DAVIDSON]: Let me show you what's been marked as State's Exhibit 2 for identification purposes, and ask if you -- if you recognize this?
>
> "A. [BY THE WITNESS, MONTGOMERY POLICE OFFICER BARTLETT]: I do.
>
> "Q.: And what is that?
>
> "A.: This is the receipt we get back from DFS. It gives us the results of the evidence that we submitted.

2

CR-05-1585

"Q.:  Now, is there a number on that form?

"A.:  There is.

"Q.:  And what's that number?

"A.:  05MG02463.

"Q.:  The same number that was on the drugs you submitted?

"A.:  Correct.

"MR. DAVIDSON:  Judge, we would move to offer Exhibit 2 into evidence.

"MR. BLEVINS [DEFENSE COUNSEL]:  Objection; lack of proper predicate and conformity with statutory requirements.

"THE COURT:  Overruled. Admitted.

"(State's Exhibit Number 2 was admitted into evidence.)

"Q.:  Did that document evidence a result of testing on those drugs you submitted?

"A.:  It does.

"Q.:  And what was the result?

"MR. BLEVINS:  Judge, if I could have a continuing objection on all the testimony based upon this document.

"THE COURT:  You have a continuing objection. Overruled.

"A.:  The Results of Analysis reads, 'Laboratory analysis of the solid material revealed the presence

3

CR-05-1585

of cocaine base, a controlled substance.    One –
Weight in grams, 1.12 grams.'

"MR. DAVIDSON:  No further questions, Your Honor."

(R. 91-92.)

On appeal Williams argues that the "certificate of
analysis introduced in lieu of testimony[] clearly shows that
it is neither signed or notarized." (Williams's brief at p.
15.)  Williams is correct.  The index of exhibits in the trial
record (R. 85) is followed by a page identifying Exhibit 1 as
the putative cocaine (R. 86), a copy of Exhibit 2 (R. 87) and
then the clerk's certificate of completion. (R. 88.)    The
record of the exhibits <u>admitted at trial</u> shows that Exhibit 2
consists of a single page, which is not signed or notarized.

In its unpublished memorandum, the majority states:

> "The record, however, does not support the
> appellant's argument and is, therefore, without
> merit.    Although the forensic certificate of
> analysis to which the appellant refers, on page 87
> of the clerk's record, does not include the second
> page of the document, the certificate of analysis
> can be found in its entirety on pages 16 and 17 of
> the clerk's record.  This copy also includes the
> circuit judge's initials with a check mark
> indicating that he had seen the document, which had
> been attached to the State's motion of intent to
> offer proof by a certificate of analysis which was
> filed with the court.  The document also indicates
> that the circuit judge forwarded a copy of this
> motion and document to defense counsel.  Therefore,

4

CR-05-1585

>    the circuit judge was aware of the legal propriety
>    of the certificate."

The issue in this case is not whether the trial judge at some point saw the certificate of analysis. The issue is whether the certificate of analysis was properly admitted in the trial of this case before the jury.  The jury could convict the defendant only if it was convinced beyond a reasonable doubt that the defendant possessed cocaine.  The jury could be so convinced only if the state proved before the jury that the substance possessed by the defendant was in fact cocaine.  To do this without expert testimony the State had to submit a certificate of analysis that met the statutory requirements of § 12-21-300, Ala. Code 1975.

An examination of the document found at pages 16 and 17 of the clerk's record is an attachment to the State's "Notice of Discovery to Defendant, Intent to Use Prior Convictions, Intent to Invoke Sentencing Enhancements, Intent to Offer Proof by a Certificate of Analysis, and Motion for Discovery by the State."  (CR. 14-17.)  The certificate of analysis on pages 16 and 17 of the clerk's record is not the actual document offered and admitted at trial.  While it appears to be a copy of the DFS certificate of analysis sought to be used

CR-05-1585

in this case, it does not have the evidence identification sticker used to denominate the document that was actually admitted into evidence as Exhibit 2. While the certificate shown on pages 16 and 17 of the clerk's record did consist of two pages -- the second page of which is signed and notarized and thus properly admissible -- it is not the same piece of paper that was actually offered into evidence by the State as Exhibit 2.    When considering whether an exhibit was properly admitted at trial, we can look <u>only</u> at the transcript of the trial and the exhibits offered at trial to determine the actual evidence that was offered and admitted.   <u>King v. Garrett</u>, 613 So. 2d 1283, 1284 (Ala. 1993) ("If the record does not contain the matter or materials considered by the trial court, then this Court has no basis upon which to review the trial court's judgment.").

The record of the proceedings before the jury show that Exhibit 2 was a one-page document that was not signed or notarized.    The document identified by the evidence identification sticker as Exhibit 2 was placed into the record of the trial following the index of exhibits.  The fact that in another part of the record, the clerk's file, which does

6

CR-05-1585

not contain the trial proceedings, a complete copy of the DFS

certificate of analysis can be found, but with no evidence

identification sticker affixed thereto, does not allow an

inference that Exhibit 2, as admitted, was a two-page document

that was signed and notarized.

The State could have filed a motion to supplement the

record if it believed that Exhibit 2 as admitted contained two

pages and that the court reporter or clerk had misplaced or

lost the second page of Exhibit 2. Rule 10(f), Ala. R. App.

P. The trial court would then have held a hearing to

determine whether the second page of the document had been

omitted from Exhibit 2 at trial. This Court could have

requested the original of the exhibit pursuant to Rule 13,

Ala. R. App. P., and on its own initiative noted that the

document denominated as Exhibit 2 was in fact a signed and

notarized document. However, this Court is not authorized to

look at a separate part of the record of the case, which

contains documents the jury did not see during the trial of

the defendant, and determine that the evidence admitted at the

trial before the jury was in proper form. Nor can this Court

determine that because a valid certificate of analysis did

7

CR-05-1585

exist, the fact that the valid certificate was not admitted into evidence before the jury does not matter.

Because the DFS certificate of analysis actually admitted at trial was not signed and notarized, it did not meet the statutory requirements of § 12-21-300, Ala. Code 1975. Accordingly, it could not properly be admitted as evidence in this case, and the trial court erred in overruling Williams's objection to that evidence at trial.

For the reasons set forth above, I would reverse the judgment of the trial court and remand this cause for a new trial. Therefore, I must respectfully dissent.

rEL\06\15\2007\WILLIAMS
Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d),
states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or
briefs and shall not be used by any court within this state, except for the purpose of establishing the application
of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

| | |
|---|---|
| **PAMELA W. BASCHAB** | **Lane W. Mann** |
| **Presiding Judge** | **Clerk** |
| **H.W."BUCKY" McMILLAN** | **Gerri Robinson** |
| **GREG SHAW** | **Assistant Clerk** |
| **A. KELLI WISE** | **(334) 242-4590** |
| **SAMUEL HENRY WELCH** | **Fax (334) 242-4689** |
| **Judges** | |

## MEMORANDUM

### On Application for Rehearing

CR-05-1585                    Montgomery Circuit Court 06-141

Carlos Raymond Williams v. State of Alabama

McMILLAN, Judge.

   Memorandum opinion of March 23, 2007, withdrawn.

  Memorandum opinion substituted therefor.

   The appellant appeals from his conviction for the
unlawful possession of a controlled substance, a violation of
§ 13A-12-212, Ala. Code 1975. He was sentenced to 15 years'
imprisonment, ordered to pay a $2,000 Drug Demand Reduction

1



STATE'S
EXHIBIT
2
PENGAD 800-631-6989

Assessment fine, $500 to the Victim's Compensation Fund, $100 to the Department of Forensics, and assessed court costs.

I.

The appellant contends that the trial court abused its discretion in overruling his objection to the admission of the certificate of analysis into evidence. Specifically, he argues that the forensic certificate of analysis admitted by the State failed to conform with the statutory requirements of §12-13-300, Ala. Crim. App. 1975. In support of his argument, the appellant claims that "the certificate of analysis introduced in lieu of testimony, clearly shows that it is neither signed, nor notarized."

The record, however, does not support the appellant's argument and is, therefore, without merit. Although the forensic certificate of analysis, to which the appellant refers, on page 87 of the clerk's record, did not include the second page of the document, the certificate of analysis can be found in its entirety on pages 16 and 17 of the clerk's record and the second page was admitted at trial although it became unattached prior to being submitted to the court reporter. This copy also includes the circuit judge's initials with a check mark indicating that he had seen the

2

document, which had been attached to the State's motion of intent to offer proof by a certificate of analysis which was filed with the court. The document also indicates that the circuit judged forwarded a copy of this motion and document to defense counsel. Therefore, the circuit judge was aware of the legal propriety of the certificate. Because the certificate is in compliance with § 12-13-300, by containing a sworn statement by the forensic scientist that it is true and correct and bears the seal of the notary public, the appellant's argument is without merit.

## II.

The appellant contends that the trial court erred in denying his motion for a judgment of acquittal because the State presented insufficient evidence to sustain his conviction. More particularly, he argues that merely because he was in the vehicle where drugs were found, the evidence was not sufficient to meet the State's burden of proving that he was in constructive possession of the drugs.

In Posey v. State, 736 So. 2d 656, 658 (Ala. Crim. App.), this Court stated that some evidence connecting a defendant with the drugs is required, rather than simply mere proximity when a defendant is in non-exclusive possession of the

3

location of the narcotics.

The evidence presented by the State tended to show the following: Sergeant Michael Drummond, of the Montgomery Police Department, testified that he conducted a surveillance of an undercover drug sale at the Residence Inn.    Undercover officers posed as drug dealers and, along with their confidential informant, met with Cleveland Jointer, the purchaser.    The officers were to sell a kilogram of cocaine for $22,000 to Jointer.    Jointer met with them, showed them $10,000, and told them that the remainder of the money was located in another vehicle with his "boys."    The undercover officer told Jointer to bring all the money and they would complete the deal.    Jointer left in a gold Mazda 626, and returned approximately fifteen minutes later, in the same vehicle.    He was being followed by a Honda Accord driven by the appellant, Carlos Williams.    Cleveland Jointer's brother, Xavier, was riding in the appellant's front passenger seat. Both cars pulled into the rear of the building and parked. Although the appellant was apprehended, Cleveland Jointer was able to flee the scene.    Officers later discovered a plastic bag, containing $19,935.00 cash, thrown in bushes at the corner of Carmichael Road and Eastern Boulevard.

4

Sergeant Drummond testified that he and Special Agent Neil Thompson of the Department of Justice Drug Enforcement Unit, approached the Honda and asked both occupants to exit the vehicle. Upon executing a search of the car, 1.3 grams of crack cocaine was discovered in an open compartment in the center console on the dashboard. Sergeant Drummond testified that the cocaine was within plain view and easily within reach of the driver's seat. Special Agent Thompson testified that the drugs were within a "hand's reach" of the driver's side of the car. He further testified that the drugs were located in the car where they were clearly able to be seen. Additionally, Officer Brad Bartlett, of the Montgomery County Police Department, testified that he observed the appellant's car meet with Cleveland Jointer's car at a gas station located at the intersection of Carmichael Road and Eastern Boulevard. He testified that he observed the two cars follow each other to the Residence Inn.

The appellant's proximity to the cocaine, along with the evidence connecting the appellant with the incriminating circumstances was sufficient to support a finding of constructive possession. The above conduct is all evidence of guilty knowledge on the part of the appellant. See Knight v.

5

State, 622 So. 2d 426 (Ala. Crim. App. 1992); Spears v. State, 500 So. 2d 96 (Ala. Crim. App. 1996). Because the State presented ample evidence which, if believed by the jury, would sustain the jury's verdict of guilt, the appellant's argument is without merit.

The application for rehearing is overruled and the judgment of the trial court is affirmed.

AFFIRMED. APPLICATION FOR REHEARING OVERRULED.

Shaw and Wise, JJ., concur.  Baschab, P.J., and Welch, J., concur in the result.

95690 Lewis



# IN THE SUPREME COURT OF ALABAMA

### August 7, 2007

**1061378**

Ex parte Carlos Raymond Williams. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Carlos Raymond Williams v. State of Alabama) (Montgomery Circuit Court: CC06-141; Criminal Appeals : CR-05-1585).

### ORDER

IT IS ORDERED that the petition for writ of certiorari to the Court of Criminal Appeals is granted.

See Rule 39(g)(1) - (3), Alabama Rules of Appellate Procedure, as amended effective June 1, 2005, for instructions regarding the filing of briefs. The petitioner may file a brief within 14 days from the date of this order. Thereafter, the respondent may file a brief in accordance with subsection (g)(2) of Rule 39. If the petitioner or the respondent chooses not to file a brief, that party must file a waiver of the right to file the brief within the time the brief is due under the appellate rules. See Rule 39(g)(1) and (2).

See Rule 39(h) with regard to oral argument.

Cobb, C.J., and Lyons, Stuart, Bolin, and Murdock, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this _7th_ day of _August_  _2007_

_Robert G. Esdale Sr._

**Clerk, Supreme Court of Alabama**

cc:
Hon. Charles Price, Circuit Judge
Jerry M. Blevins, Attorney
Robert Troy Teague, Attorney
Hon. Troy R. King, Attorney General
Hon. Madeline Hinson Lewis, Asst. Attorney General



STATE'S
EXHIBIT
**3**

/bb

**REL: 11/16/2007**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2007-2008

---

### 1061378

---

### Ex parte Carlos Raymond Williams

### PETITION FOR WRIT OF CERTIORARI
### TO THE COURT OF CRIMINAL APPEALS

### (In re: Carlos Raymond Williams

### v.

### State of Alabama)

### (Montgomery Circuit Court, CC-06-141;
### Court of Criminal Appeals, CR-05-1585)

STUART, Justice.



STATE'S EXHIBIT 4

1061378

The Court of Criminal Appeals affirmed, without an opinion, Carlos Raymond Williams's conviction for the unlawful possession of a controlled substance, i.e., cocaine. <u>Williams v. State</u> (No. CR-05-1585, June 15, 2007) ___ So. 2d ___ (Ala. Crim. App. 2007)(table). Williams petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals, arguing that its decision conflicts with this Court's decision in <u>King v. Garrett</u>, 613 So. 2d 1283 (Ala. 1993). We affirm.

Montgomery Police Department narcotics officers arrested the driver of a parked vehicle, Williams, and the front-seat passenger, Xavier Jointer, and charged them with possession of 1.12 grams of crack cocaine found in the vehicle. The narcotics officers saw the cocaine in the dashboard area of the vehicle as they approached the parked vehicle. The narcotics officers were unable to determine who owned the cocaine, and they arrested both men for constructive possession of the controlled substance.

Before Williams's trial, the State properly filed a notice of intent to prove that the substance was cocaine by way of a certificate of analysis. See § 12-21-301, Ala. Code

2

1061378

1975.  The clerk's record includes a copy of the notice and a

copy of the certificate of analysis, which indicates that the

substance found in Williams's vehicle was cocaine.  This copy

of   the   certificate   of   analysis   included   the   notarized

statement of the forensic scientist who conducted the test.

At trial, the trial court, at the State's request, admitted

into evidence a copy of the certificate of analysis; however,

this copy of the certificate of analysis did not include the

second page, which contains the requisite notarized signature

of the forensic scientist who conducted the test.  Williams's

counsel timely objected to the admission of the certificate of

analysis, stating:  "Objection; lack of proper predicate and

conformity  with  statutory  requirements."   The  trial  court

overruled Williams's objection.  At the close of the evidence,

Williams moved for a judgment of acquittal, arguing that the

State had failed to prove that the substance seized from the

vehicle  was  cocaine  because  the  only  evidence  admitted  at

trial establishing that fact was the certificate of analysis,

which  did  not  comply  with  the  requirements  for  admission

provided in § 12-21-300, Ala. Code 1975.   The trial court

overruled  Williams's  motion.    Williams  was  convicted  of

3

1061378

unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala. Code 1975, and was sentenced to 15 years' imprisonment.

Williams appealed to the Court of Criminal Appeals. On appeal, Williams argued that the trial court exceeded the scope of its discretion by admitting into evidence the certificate of analysis, which did not conform with the statutory requirements of § 12-13-300, Ala. Code 1975. The Court of Criminal Appeals rejected Williams's contention, holding in its unpublished memorandum that the certificate of analysis had been properly admitted. The Court of Criminal Appeals concluded that the record established that the second page of the certificate of analysis containing the notarized signature of the forensic scientist who had conducted the test was admitted at trial "although it became unattached prior to being submitted to the court reporter [and being included in the trial record]."

Williams petitioned this Court for a writ of certiorari to address a conflict between the decision of the Court of Criminal Appeals and this Court's decision in <u>King v. Garrett</u>, supra. This Court held in <u>King</u>: "If the record does not

4

1061378

contain the matter or materials considered by the trial court,

then this Court has no basis upon which to review the trial

court's judgment." King, 613 So. 2d at 1284. Williams argues

that the Court of Criminal Appeals erred by looking outside

the trial record to the clerk's record to determine whether

the certificate of analysis conformed with § 12-21-300, Ala.

Code 1975. We granted the writ.

Section 12-21-300, Ala. Code 1975, provides, in pertinent

part:

> "In any criminal case, ... the prosecuting authority
> may offer a certificate of analysis ... in lieu of
> direct testimony. ...
>
>     "....
>
>     "The certificate of analysis shall give the name
> and address of the facility in which the examination
> or analysis was made, and it shall be signed by and
> sworn to as true and correct, under penalty of law,
> by the person making the examination or analysis."

"'The question of admissibility of evidence is generally

left to the discretion of the trial court, and the trial

court's determination on that question will not be reversed

except upon a clear showing of abuse of discretion.'" Gavin

v. State, 891 So. 2d 907, 963 (Ala. Crim. App. 2003)(quoting

Ex parte Loggins, 771 So. 2d 1093, 1103 (Ala. 2000)).

5

1061378

Our review of the record indicates that the trial court exceeded the scope of its discretion by admitting the certificate of analysis into evidence because the certificate of analysis admitted at trial and submitted to the jury did not satisfy the requirements of § 12-21-300, Ala. Code 1975. It appears that the Court of Criminal Appeals, recognizing that the trial court record contained only the first page of the certificate of analysis indicating that the substance was cocaine and did not include the second page of the certificate with the notarized signature of the forensic scientist who conducted the test, ordered the trial court to determine if the second page had been admitted at trial but mistakenly omitted from the trial record.  The official court reporter for the trial court responded to the order, stating:

> "Upon receipt of your Order, I contacted our clerk's office to see what was submitted to you.  I also contacted [the assistant district attorney ] who prosecuted this case. [The assistant district attorney] checked his records and today furnished to me the second page of [the certificate of analysis]. Apparently, this second page became unstapled prior to its submission to me."

The court reporter's statements clearly indicate that the certificate of analysis admitted at trial and submitted to the jury did not include the second page containing the notarized

6

1061378

signature of the forensic scientist who conducted the test. Therefore, the trial court exceeded the scope of its discretion by admitting the certificate of analysis into evidence because it did not satisfy the requirements for admission as provided in § 12-21-300, Ala. Code 1975.

Williams contends that this error resulted in prejudice because, he says, the State did not otherwise prove that the substance found in his vehicle was cocaine. We disagree.

A review of the entire record indicates that the trial court's improper admission of the certificate of analysis resulted in error without injury.

Rule 45, Ala. R. App. P., provides, in part:

> "No judgment may be reversed or set aside, nor new trial granted ... on the ground of ... the improper admission or rejection of evidence ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, <u>it should appear that the error complained of has probably injuriously affected substantial rights of the parties</u>."

(Emphasis added.)

The record establishes that evidence was admitted establishing that the substance recovered from Williams's vehicle was cocaine. The officer in charge of Williams's

7

1061378

case, without objection from Williams, expressly identified the substance found in Williams's vehicle as "crack cocaine." The following exchange occurred as the State laid the foundation to admit the cocaine into evidence:

> "[Prosecutor]: Do you recognize this?
>
> "[Officer]: I do.
>
> "[Prosecutor]: And what is that?
>
> "[Officer]: This is an envelope which contains the drug evidence that was turned over to me that day.
>
> "[Prosecutor]: How do you know it's the same envelope?
>
> "[Officer]: Because it's sealed, and got my initials on it.
>
> "[Prosecutor]: All right. Is there anything in the envelope?
>
> "[Officer]: Yes, there's <u>crack cocaine</u> in the envelope."

(Emphasis added.)

The testimony of the officer in charge of Williams's case clearly identifies the substance found in Williams's vehicle as cocaine. Williams did not object to this testimony, and a jury could reasonably infer from the testimony that the substance was indeed cocaine. Therefore, the State presented evidence other than the improperly admitted certificate of

8

1061378

analysis to establish that the substance found in Williams's vehicle was cocaine. Consequently, Williams cannot establish that the error in admitting the certificate of analysis prejudiced his defense and "probably injuriously affected [his] substantial rights."

Our conclusion that the improper admission of the certificate of analysis is harmless error is bolstered by the fact that throughout the trial, Williams did not dispute that the substance found in his vehicle was cocaine. Indeed, Williams based his defense on the theory that Jointer, the passenger in the vehicle who was also arrested, possessed the cocaine the police discovered in a common area of the dashboard. Williams's counsel consistently referred to the substance throughout the trial as "drugs," "crack," or "cocaine." For example, in his opening statement, Williams's counsel stated:

> "Now, the evidence is going to be undisputed [that] the police[,] after they found the cocaine, arrested Carlos Williams and Xavier Jointer; arrested both of them. And charged both of them with possessing this one little piece of cocaine you're going to see."

(Emphasis added.) In his closing statement, Williams's counsel stated:

9

1061378

> "What the police did, they found <u>crack</u> in the car
> with two people; they just arrested everybody.  They
> charged Xavier with it.    They charged Carlos
> Williams with it.   They don't know [who it belonged
> to]."

(Emphasis added.)  Although the statements of counsel are not

evidence that the substance was in fact cocaine, the

statements do indicate that at trial Williams did not dispute

that the substance found in the vehicle was cocaine but

instead disputed who owned the cocaine.

> "'[B]efore the reviewing court can affirm a
> judgment based upon the "harmless error" rule, that
> court must find conclusively that the trial court's
> error did not affect the outcome of the trial or
> otherwise prejudice a substantial right of the
> defendant.' <u>Ex parte Crymes</u>, 630 So. 2d 125, 126
> (Ala. 1993) (emphasis omitted)."

<u>Ex parte Casey</u>, 889 So. 2d 615, 621 (Ala. 2004).

A review of the record in this case establishes that it

is clear beyond a reasonable doubt that the improper admission

of the certificate of analysis "did not affect the outcome of

the trial or otherwise prejudice a substantial right" of

Williams.  Therefore, even though this Court does not agree

with the unpublished memorandum of the Court of Criminal

Appeals addressing the admission of the certificate of

analysis into evidence, the judgment of the Court of Criminal

1061378

Appeals is affirmed because the admission of the evidence,

although improper, was harmless.

    AFFIRMED.

    See, Bolin, and Murdock, JJ., concur.

    Lyons, J., concurs in the result.

    Cobb, C.J., recuses herself.

1061378

LYONS, Justice (concurring in the result).

I concur only to the extent that the main opinion grounds its harmless-error analysis in the testimony of the officer describing the contents of the envelope containing the controlled substance.

12

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-1585**

Carlos Raymond Williams v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC06-141)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on June 15th 2007:

### Application for Rehearing Overruled; Opinion Withdrawn And Substitued; Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 16th day of November, 2007.

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Robert Troy Teague, Attorney
Hon. Madeline H. Lewis, Asst. Attorney General

STATE'S
EXHIBIT
**5**

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

95690
Lewis

PAMELA W. BASCHAB
Presiding Judge
H. W. "BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## CR-05-1585

Carlos Raymond Williams v. State of Alabama  (Appeal from Montgomery  Circuit
Court: CC06-141)

### ORDER

The Court of Criminal Appeals ORDERS that the certificate of judgment issued by this
Court on November 16, 2007 be, and the same is hereby, recalled. This order was issued
in error.

Done this the 19th day of November, 2007.

*Pamela W. Baschab*

Pamela W. Baschab, Presiding Judge
Court of Criminal Appeals

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Robert Troy Teague, Attorney
Hon. Madeline H. Lewis, Asst. Attorney General



STATE'S
EXHIBIT
6

PENGAD 800-631-6989

# IN THE SUPREME COURT OF ALABAMA



January 11, 2008

**1061378**

Ex parte Carlos Raymond Williams.  PETITION FOR WRIT OF CERTIORARI TO
THE COURT OF CRIMINAL APPEALS  (In re: Carlos Raymond Williams v. State of
Alabama)   (Montgomery Circuit Court: CC06-141; Criminal Appeals : CR-05-1585).

## ORDER

The application for rehearing filed in this cause is overruled.

STUART, J. -  See, Lyons, Bolin, and Murdock, JJ., concur.  Cobb, C.J., recuses
herself.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this _11th_ day of _January,    2008_

*Robert D Esdale, Sr.*
**Clerk, Supreme Court of Alabama**



/bb

*956.90*
*Lewis*

# IN THE SUPREME COURT OF ALABAMA



### January 11, 2008

1061378

Ex parte Carlos Raymond Williams.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Carlos Raymond Williams v. State of Alabama)  (Montgomery Circuit Court: CC06-141; Criminal Appeals : CR-05-1585).

## CERTIFICATE OF JUDGMENT

WHEREAS, the petition in the above referenced cause has been duly submitted and considered by the Supreme Court of Alabama and the judgment indicated below was entered in this cause on November 16th 2007:

### Affirmed.
STUART, J. - See, Bolin, and Murdock, JJ., concur.  Lyons, J., concurs in the result.
Cobb, C.J., recuses herself.

NOW, THEREFORE, pursuant to Rule 41, Ala. R. App. P., IT IS HEREBY ORDERED that this Court's judgment in this cause is certified on this date.  IT IS FURTHER ORDERED that the costs of this cause are hereby taxed against the appellant as provided by Rule 35, Ala. R. App. P.

I, Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true, and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 11th day of January, 2008.

*Robert G. Esdale*

Clerk, Supreme Court of Alabama

STATE'S
EXHIBIT
**8**
PENGAD 800-631-6989

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
## THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-1585**

Carlos Raymond Williams v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC06-141)

# CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on June 15th 2007:

## Application for Rehearing Overruled; Opinion Withdrawn And Substitued; Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 4th day of March, 2008.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Robert Troy Teague, Attorney
Hon. Madeline H. Lewis, Asst. Attorney General



STATE'S EXHIBIT
9